```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

                     CIVIL MINUTES -- GENERAL
```

Case No.  **CV 10-8840-VBF(AGRx)**                       Dated: **June 8, 2011**

Title:    Preston Smith -v- City of Burbank, et al.

_____

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

          Joseph Remigio                          None Present
          Courtroom Deputy                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

   None Present                         None Present

**PROCEEDINGS (IN CHAMBERS):**         **COURT ORDER RE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. #32)**

     Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court find that this matter is appropriate for decision without oral argument. Accordingly, **the hearing set for June 20, 2011 at 1:30 p.m. is vacated and the matter taken off calendar.**

**I. RULING**

     The Court has received, read, and considered Defendants City of Burbank, Burbank Police Department, Michael Edwards and Adam Baumgarten's Motion for Judgment on the Pleadings (dkt. #32) and Plaintiff Preston Smith's Opposition (dkt. #34).

     For reasons described more fully below, the Court rules as follows:

**(1) DENIES** the Motion for Judgment on the Pleadings as to Plaintiff's First Cause of Action for Violation of 42 U.S.C. § 1983. Defendants have not sufficiently shown that Plaintiff's First Cause of Action is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

**(2) DENIES** the Motion for Judgment on the Pleadings as to Plaintiff's Second Cause of Action for Violation of California Civil Code § 52.1, Third Cause of Action for Intentional Infliction of Emotional Distress and Fourth Cause of Action for Assault and Battery. As Defendants have not sufficiently shown that Plaintiff's Section 1983 cause of action is barred by the *Heck* doctrine, Defendants have also not shown that Plaintiff's state law causes of action are barred. *Yount v. City of Sacramento*, 43 Cal. 4th 885, 889 (2009).

## II. BACKGROUND

Plaintiff Preston Smith alleges that on April 10, 2009, Plaintiff and other individuals were being questioned by Officer Gunn from the Burbank Police Department as they were walking in the vicinity of a liquor store in Burbank. Compl. ¶ 16. Plaintiff alleges that, after being questioned by Officer Gunn, he was "tasered" in his lower back by Officer Gunn, causing Plaintiff to fall on the ground and become immobilized. *Id.* ¶ 17. "While lying immobilized on the ground, face down, Plaintiff verbally surrendered and told Defendant Gunn 'OK, you've got me.' Plaintiff remained face down on the ground and did not attempt to move or to stand up, at which time Defendant Gunn 'tasered' him and second and third time, causing Plaintiff to have convulsions." *Id.* Plaintiff alleges that Officer Gunn tasered him a total of six times. *Id.* ¶¶ 17-18.

Plaintiff alleges that other officers arrived at the scene after the fifth "'taser' assault," at which point Officer Baumgarten "smashed his knees into the Plaintiff's back and kidney area." *Id.* ¶ 18. Plaintiff alleges that an officer "grabbed Plaintiff's right arm and twisted it violently causing ligament damages . . . . The police officers then placed handcuffs on Plaintiff so tightly that they cut-off the blood circulation from his right wrist and thumb, while another officer remained on Plaintiff's back and another held Plaintiff's head to the ground." *Id.* Plaintiff states that he does not "recall specifically what Officer Edwards did although he was present." Declaration of Preston Smith (dkt. #34) ¶ 4. Plaintiff does not dispute the lawfulness of his arrest, nor does he dispute that he resisted arrest. However, Plaintiff alleges that the officers used excessive force as Plaintiff was being restrained and placed in handcuffs. *Id.*

On April 14, 2009, a four-count misdemeanor complaint was filed against Plaintiff in the Los Angeles Superior Court. *See* Defendants'

Request for Judicial Notice[1] ("RJN"), Ex. 1 (dkt. #32-3). Count II of the complaint alleged that Plaintiff "did willfully and unlawfully resist, delay or obstruct a public officer discharging or attempting to discharge any duty of his office or employment," a violation of California Penal Code 148(a)(1). *Id.* It alleged that Plaintiff committed the following acts of resistance: (1) Plaintiff ran from Officer Gunn during a lawful detention and despite orders to stop; (2) Plaintiff used elbows and hands in a fist to strike Officers Baumgarten, Edwards, Joel, Rodriguez and Gunn during the Officers' attempt to lawfully restrain Plaintiff; (3) Plaintiff flailed arms and kicked legs when Officers Baumgarten, Edwards, Joel, Rodriguez and Gunn tried to detain him. *Id.* at 1-2.

On April 29, 2009, Plaintiff pled guilty to violating Count II of the complaint - California Penal Code § 148(a)(1). *See* Ex. 1 (Criminal Complaint); Ex. 2 (Misdemeanor Advisement of Rights, Waiver and Plea Form), Ex. 3 (Reporter's Transcript of Proceedings, April 29, 2009, Case No. 9BR01353). Plaintiff signed a document entitled "Misdemeanor Advisement of Rights, Waiver, and Plea Form", which acknowledges the guilty plea. *See* RJN, Ex. 2. Plaintiff's plea was approved by the Court. *See* RJN, Ex. 3 (Reporter's Transcript of Proceedings, April 29, 2009, Case No. 9BR01353).

In this action, Plaintiff alleges four causes of action against Defendants City of Burbank, Burbank Police Department and Burbank Police Officers Baumgarten, Edwards and Gunn: (1) Violation of 42 U.S.C. § 1983; (2) Violation of California Civil Code § 52.1; (3) Intentional Infliction of Emotional Distress; and (4) Assault and Battery (dkt. #1).

**III. ANALYSIS**

   **A. Legal Standard**

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). As explained more fully below, the Court finds that the Motion does not show that this standard has been met.

---

[1] The Court GRANTS Defendants' Request for Judicial Notice (dkt. #32-3) of Exhibits 1-3. *See* Fed. R. Evid. 201(b).

MINUTES FORM 90                               Initials of Deputy Clerk    jre
CIVIL - GEN

-3-

**B. First Cause of Action: Violation of 42 U.S.C. § 1983**

The Court **DENIES** Defendants' Motion for Judgment on the Pleadings as to Plaintiff's First Cause of Action for Violation of 42 U.S.C. § 1983.

When a plaintiff who has been convicted of a crime under state law seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. "If the answer is yes, the suit is barred." *Id.* "But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . ." *Id.* at 486-87.

In this case, Plaintiff pled guilty to a violation of California Penal Code § 148(a)(1). Section 148(a)(1) provides: "Every person who willfully resists, delays, or obstructs any . . . peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment, . . . shall be [guilty of a misdemeanor]." For a conviction under § 148(a)(1) to be valid, the defendant must have "resist[ed], delay[ed], or obstructed[ed]" a police officer in the lawful exercise of his or her duties. The lawfulness of the officer's conduct is an essential element of the offense under § 148(a)(1). *See People v. Curtis*, 70 Cal.2d 347, 354-56 (1969) ("an officer may only use *reasonable* force to make an arrest or to overcome resistance").

Plaintiff alleges that, after being questioned by Defendant Gunn, Plaintiff was tasered in his lower back by Defendant Gunn, "causing Plaintiff to fall to the ground and become immobilized. While lying immobilized on the ground, face down, Plaintiff verbally surrendered and told Defendant Gunn 'OK, you've got me.' Plaintiff remained face down on the ground and did not attempt to move or to stand up, at which time Defendant Gunn 'tasered' him and second and third time, causing Plaintiff to have convulsions." Compl. ¶ 17. Plaintiff alleges that Defendant Gunn tasered him a total of six times. *Id.* ¶¶ 17-18. Plaintiff alleges that other officers arrived at the scene after the fifth "'taser' assault," at which point Officer Baumgarten "smashed his knees into the Plaintiff's back and kidney area." *Id.* ¶ 18. Plaintiff alleges that an officer "grabbed Plaintiff's right arm and twisted it violently causing ligament damages . . . ." *Id.* Plaintiff states that he does not "recall specifically what Officer Edwards did although he was present." Declaration of Preston Smith (dkt. #34) ¶ 4.

MINUTES FORM 90  Initials of Deputy Clerk ___jre___
CIVIL - GEN

To find that on the face of the Complaint, no material issue of fact remains to be resolved, *Hal Roach Studios, Inc.,* 896 F.2d at 1550, Defendants would need to show that they used reasonable force in arresting Plaintiff or in overcoming Plaintiff's resistance. *People*, 70 Cal.2d at 354-56. The test for whether force is reasonable or excessive is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Cooper*, 490 U.S. 386, 397 (1989).

The Court finds that Defendants have not sufficiently shown that their actions were objectively reasonable, such that no material issue of fact remains to be resolved. Defendants have not provided adequate authority or evidence showing that they did not use excessive force in arresting Plaintiff or in overcoming Plaintiff's resistance. A holding that Defendants' actions in arresting Plaintiff were excessive force would not "negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of [Plaintiff's] attempt to resist it . . . ." *Yount*, 43 Cal. 4th at 899 (quoting *Jones v. Marcum*, 197 F. Supp. 2d 991, 1005 n.9 (S.D. Ohio 2002)).

Accordingly, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings as to Plaintiff's First Cause of Action for Violation of 42 U.S.C. § 1983.

### C. Second Cause of Action for Violation of California Civil Code § 52.1; Third Cause of Action for Intentional Infliction of Emotional Distress; and Fourth Cause of Action for Assault and Battery

As Defendants have not sufficiently shown that the *Heck* doctrine bars Plaintiff's First Cause of Action for Violation of 42 U.S.C. § 1983, the Court finds that Defendants have also not shown that Plaintiff's state law claims are barred.

Accordingly, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Second Cause of Action for Violation of California Civil Code § 52.1, Third Cause of Action for Intentional Infliction of Emotional Distress, and Fourth Cause of Action for Assault and Battery.

**IT IS SO ORDERED.**